1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

NICHOLAS S. ROY,

11                              Plaintiff,

12              v.

13      VICTORIA BARSHAW, *et al.*,

14                              Defendants.

15

Case No.  C06-5296FDB

ORDER DIRECTING PLAINTIFF
TO SUBMIT AN AMENDED
COMPLAINT OR SHOW CAUSE
WHY MATTER SHOULD NOT
BE SUMMARILY DISMISSED

16      The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does

17  hereby find and ORDER.

18      (l) A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d

19  1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete

20  defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of

21  process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v.

22  Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

23      (2) Plaintiff's § 1983 complaint appears to call into question the validity of his conviction and/or

24  sentence.  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully

25  exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or

26  sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Heck

27  v. Humphrey, 114 S.Ct. 2364, 2373 (1994).  The court added:

28      Under our analysis the statute of limitations poses no difficulty while the state challenges are

ORDER
Page - 1

1   being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for

2   damages attributable to an unconstitutional conviction or sentence does not accrue until the
    conviction or sentence has been invalidated.

3   Id. at 2374.

4          Plaintiff claims he was retaliated against when his sentence was recalculated, adding eight months

5   to his criminal sentence.   The issues raised related to this claim clearly affect the term of plaintiff's

6   sentence and thus, should be considered only in a petition for writ of habeas corpus.

7          (3)  Due to the deficiencies described above, the court will not serve the complaint.  Plaintiff shall

8   file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter

9   should not be dismissed  **by no later than September 1, 2006**.  If  an amended complaint is not timely

10  filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this

11  action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28

12  U.S.C. § 1915(g).

13         (4)  The Clerk is directed to send plaintiff a copy of this Order and the General Order

14         DATED this 2nd  day of August, 2006.

16         */s/ J. Kelley Arnold*
           J. Kelley Arnold

17         United States Magistrate Judge

ORDER
Page - 2