UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS S. ROY,

    Plaintiff,

v.

VICTORIA BARSHAW, *et al.*,

    Defendants.

Case No. C06-5296FDB

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND PRETRIAL SCHEDULE

    The matter comes before the court on plaintiff's motion to compel (Doc. 19), which specifically asks the court to direct the Washington Department of Corrections (not a party to this case) to disclose the current address of Victoria Barshaw. After considering this motion, the court finds plaintiff did not attempt to find this information through an appropriate discovery request and he has further failed to attempt to resolve this discovery matter prior to filing the motion to compel. In addition, the court finds Ms. Barshaw no longer works for the Department of Corrections and it does not maintain a current address for Ms. Barshaw. It is plaintiff's responsibility to supply the U.S. Marshall with a current address for each defendant. Accordingly, plaintiff's motion to compel is DENIED.

    It is hereby ORDERED:

<u>Discovery</u>

    All discovery shall be completed by `March 1, 2007`. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of

PRETRIAL SCHEDULE
Page - 1

1  Civil Procedure 33(b)(3) requires answers or objections to be served within **thirty (30) days** after service
2  of the interrogatories.  The serving party, therefore, must serve his/her interrogatories at least **thirty (30)**
3  **days** before the deadline in order to allow the other party time to answer.

Motions

5  Any dispositive motion shall be filed and served on or before `April 15, 2007`.  A party must
6  file with the motion a supporting memorandum.  The motion shall include in its caption (immediately below
7  the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's
8  calendar.  That date shall be the fourth Friday following filing of the dispositive motion.  All briefs and
9  affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday
10 immediately preceding the Friday appointed for consideration of the motion.  If a party fails to file and
11 serve timely opposition to a motion, the court may deem any opposition to be without merit.  The party
12 making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday
13 designated for consideration of the motion, a response to the opposing party's briefs and affidavits.  A
14 duplicate copy of all such papers shall be delivered along with the originals to the Clerk of this court.  The
15 originals and copies must indicate in the upper right-hand corner the name of the magistrate judge to whom
16 the copies are to be delivered.

17 If a motion for summary judgment is filed, it is important for the opposing party to note the
18 following:

19 A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
20 Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of
21 material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter
22 of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot
23 simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as**
24 **provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for**
25 **trial.  If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.  If summary judgment is granted, your case**
26 **will be dismissed and there will be no trial.**

27 Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).  Furthermore, Local Rule CR
28 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary

PRETRIAL SCHEDULE
Page - 2

judgment may be deemed by the court to be an admission that the opposition is without merit.

### Joint Status Report

Counsel and *pro se* parties are directed to confer and provide the court with a joint status report by no later than June 15, 2007. The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

6. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

7. Pursuant to 28 U.S.C. § 636(c), whether the parties consent to having a Magistrate Judge conduct any or all remaining proceedings, including the trial and order the entry of judgment in the case.

8. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

9. Any other suggestions for shortening or simplifying the trial in this case;

10. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

12. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

13. Whether the trial will by jury or non-jury;

14. The number of trial days required, and suggestions for shortening trial;

15. The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs.

1  **Separate reports are <u>not</u> to be filed**.  Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for
2  initiating communications for the preparation of the joint status report.

### Proof of Service & Sanctions

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se).  The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court.  Such proof of service shall accompany both the original and duplicates filed with the Clerk.  Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant(s).

DATED this 27th day of November, 2007.

                       */s/  J. Kelley Arnold*
                       J. Kelley Arnold
                       United States Magistrate Judge